UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JOHN F. REPEDE, DBA,
          *Plaintiff-Appellant,*

v.

COURSE TECHNOLOGY, INCORPORATED;
INTERNATIONAL THOMSON PUBLISHING,
INCORPORATED,
          *Defendants-Appellees,*

and

PURDUE UNIVERSITY; GARY B.
SHELLY,
          *Defendants.*

No. 00-1624

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CA-99-653-19)

Argued: March 2, 2001

Decided: April 27, 2001

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Lourie Augustus Salley, III, Lexington, South Carolina;
Kevin Michael Cunningham, CUNNINGHAM & ASSOCIATES,

P.C., Tega Cay, South Carolina, for Appellant. Joshua M. Rubins, SATTERLEE, STEPHENS, BURKE & BURKE, L.L.P., New York, New York, for Appellees. **ON BRIEF:** James F. Rittinger, SATTER-LEE, STEPHENS, BURKE & BURKE, L.L.P., New York, New York; Thomas W. Bunch, II, ROBINSON, MCFADDEN & MOORE, P.C., Columbia, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Dr. John F. Repede entered into a publishing agreement with Course Technology, Inc. to contribute material to a computer programming textbook. He authored several versions of the textbook until 1998, when Course Technology decided to hire a different author to draft future versions of the book. Repede brought this action in the U.S. District Court for the District of South Carolina against Course Technology, Inc. and Course Technology's parent, International Thomson Publishing, Inc. (collectively, "Course Technology"). Repede alleged that Course Technology had breached the publishing contract by denying him a right of first refusal to draft subsequent versions of the textbook. Repede also claimed that Course Technology issued fraudulent sales reports that understated his entitlement to royalties. Course Technology moved for summary judgment on both claims, and the district court granted the motion. The court held that under the unambiguous terms of the contract, Repede does not have a right of first refusal. In addition, the court held that Repede's fraud claim failed because he could not have reasonably relied on the misstatements in the sales reports. Repede now appeals.

After considering the joint appendix, the parties' briefs, and the oral arguments of counsel, we are persuaded that the district court reached the correct result. We therefore affirm on the reasoning of the

district court. *See Repede v. Course Tech., Inc.*, C.A. No. 0:99-653-19 (D.S.C. May 2, 2000).

*AFFIRMED*